UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MIKLE ANTHONY BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:19-cv-00187-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| OFFICER TRETT, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

**I**

Mikle Anthony Butler is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Butler filed a civil rights complaint with this Court. [R. 1.] The Court conducted an initial screening of Butler's claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and concluded the claims required a response from the Defendants. [R. 7.] Because the Court previously granted Butler pauper status, the Clerk's Office and the United States Marshals Service (USMS) served the Defendants with a summons and copy of the complaint on Butler's behalf. [R. 8.]

Defendants responded to Butler's complaint by filing an answer, as well as a motion for partial dismissal. [R. 21; R. 22.] Butler then filed a response to the motion, and the Defendants recently filed a reply brief. [R. 27; R. 29.] Thus, Defendants' motion for partial dismissal is now ripe for a decision from this Court. For the reasons set forth below, the Court will **GRANT** Defendants' motion to the extent that it will dismiss Butler's First Amendment retaliation claims, his claims against Warden Kizziah, and any independent claims he asserts based solely on the Defendants' alleged violation of internal prison policies.

II

A

As an initial matter, the Defendants correctly point out that Butler appears to assert one or more First Amendment retaliation claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court, however, will dismiss these First Amendment *Bivens* claims because they are not legally cognizable.

Unlike a civil rights claim against state officials under 42 U.S.C. § 1983, which is a remedy explicitly created by Congress, a civil rights claim against federal officials pursuant to *Bivens* is a judicially created cause of action that has been implied only in limited circumstances. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has explained that, in deciding whether a case may proceed under a *Bivens* theory, a court must first determine whether the case presents a new context that "is different in a meaningful way from previous *Bivens* cases decided by this Court." *Id.* at 1859. If the case presents a new *Bivens* context, the court must then consider whether special factors counsel hesitation in recognizing a new *Bivens* claim. *See id.* at 1859-60. Ultimately, the Supreme Court has made it clear that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1857 (internal quotations and citation omitted).

Here, Butler's First Amendment retaliation claims—to the extent that he asserts them—present a new context. To date, the Supreme Court has only recognized *Bivens* claims in three contexts: (1) a Fourth Amendment claim involving search and seizure; (2) a Fifth Amendment discrimination claim; and (3) an Eighth Amendment claim alleging a prison official was deliberately indifferent to an inmate's serious medical needs. *See id.* at 1854-55. The Supreme Court has never recognized a *Bivens* remedy in the First Amendment context. *See Reichle v.*

2

*Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment."); *Meeks v. Larsen*, 611 F. App'x 277, 287 (6th Cir. 2015) (recognizing that the Supreme Court has not extended *Bivens* to First Amendment claims). Thus, Butler's First Amendment claims clearly present a new context.

A variety of factors counsel against extending *Bivens* to Butler's First Amendment claims. For instance, the Supreme Court has noted that the availability of alternative processes for seeking relief may weigh against extending *Bivens*. *See Ziglar*, 137 S. Ct. at 1858. And here, Butler was afforded the opportunity to seek relief via the Bureau of Prisons' (BOP's) administrative remedy process. Moreover, extending *Bivens* liability to the First Amendment context would impose substantial costs, in both time and money, upon individual officers and employees of the federal government. *See id.* at 1856. Given that Congress has recognized the need to keep non-meritorious prisoner litigation at bay and passed the Prison Litigation Reform Act in order to do so, the Court is hesitant to permit an implied damages remedy in this case. Just as the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants," *id. at* 1857, this Court refuses to extend *Bivens* to Butler's claims here. Thus, the Court will dismiss his First Amendment retaliation claims.

**B**

The Court will also dismiss Butler's claims against one of the Defendants, Warden Kizziah. For starters, Butler fails to clearly link his allegations to material facts and indicate what Warden Kizziah did to violate his rights. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights."). Moreover, the allegations that Butler does put forth against

Warden Kizziah are too speculative to state a claim.  As best as the Court can tell, Butler merely says "[he] *feels* that [Warden Kizziah] ordered his staff to assault me and place me in belly chains."  [R. 1 at 3 (emphasis added).]  Butler then later adds, in a conclusory manner, that Warden Kizziah was "deliberately indifferent by failing to make sure [Butler] was assisted properly."  [*Id.* at 7].

These speculative allegations and unsupported legal conclusions are simply not enough to state a claim upon which relief may be granted.  *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430, 437 (6th Cir. 2008).  Moreover, Sixth Circuit has made it clear that "liability must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citation omitted).  But Butler's allegations fail to state a claim against Warden Kizziah based upon his role as a supervisor at the prison and, as such, appear to rely solely on respondeat superior principles.  For all of these reasons, the Court will dismiss Butler's claims against Warden Kizziah.[1]

## C

Finally, while Butler's complaint is not altogether clear, he suggests he may be trying to pursue independent claims based on the Defendants' alleged violation of internal prison policies.  [R. 1 at 7.]  This alleged conduct may certainly be relevant to Butler's other legal claims, but the alleged failure of a prison official to follow an internal prison policy is not the basis for an independent claim for relief.  *See Adams v. Cunnagin*, No. 6:18-cv-235-KKC, 2019 WL 5088746, at *7 (E.D. Ky. Oct. 10, 2019).  Thus, to the extent that Butler is attempting to assert

---

[1] Defendants also put forth very brief arguments regarding Butler's allegation that his belly chain was too tight.  [*See* R. 21 at 8, 11].  While Butler's complaint is not altogether clear, it appears that the relevant allegation may relate to his excessive force claims that are not the subject of the Defendants' motion for partial dismissal.  Thus, the Court does not address that allegation at this time, and the Defendants may renew their arguments in the future.

independent claims against the Defendants based solely on their alleged violation of internal prison policies, the Court will dismiss those claims as well.

### III

In sum, the Court will grant the Defendants' motion for partial dismissal to the extent that it will dismiss Butler's First Amendment retaliation claims, his claims against Warden Kizziah, and any independent claims he asserts based solely on the Defendants' alleged violation of internal prison policies. That said, the Court will permit Butler to proceed with his remaining claims.

Ordinarily, at this point in a civil case, the parties would exchange initial disclosures and confer on a proposed discovery plan. However, an action brought by a pro se prisoner, such as this case, is exempt from these requirements. *See* Fed. R. Civ. P. 16(b), 26(a)(1)(B)(iv), 26(f)(1); LR 16.1(c). Thus, the Court will refer this matter to a United States Magistrate Judge to oversee discovery and all matters of pretrial management.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' motion for partial dismissal [R. 21] is **GRANTED**, consistent with the above findings;

2. The Court **DISMISSES** Butler's First Amendment retaliation claims, his claims against Warden Kizziah, and any independent claims he asserts based solely on the Defendants' alleged violation of internal prison policies;

3. Butler may **PROCEED** with his remaining claims;

4. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and

setting a timeline for and preparing proposed findings of fact and recommendations on any future dispositive motions, including motions for summary judgment; and

    5.    The Clerk of the Court shall **ASSIGN** this matter to a United States Magistrate Judge.

This the 4th day of June, 2020.

Gregory F. Van Tatenhove
United States District Judge