UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MIKLE ANTHONY BUTLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER TRETT, *et al.*, )<br>)<br>Defendants. )<br>) | Civil No. 6:19-cv-00187-GFVT-EBA<br><br>**MEMORANDUM<br>OPINION<br>&<br>ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 88.] The parties in this matter filed cross-motions for summary judgment and the Plaintiff moved for injunctive relief. [R.'s 71, 76, 62.] Consistent with local practice, Judge Atkins reviewed the motion, recommending to the Court that: (1) Defendant's Motion for Summary Judgment be granted in part and denied in part; (2) Plaintiff's Motion for Summary Judgment be denied; and (3) Plaintiff's Motion for injunctive relief be denied. [R. 88.] Under Federal Rule of Civil Procedure 72(b)(2), a party has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Both parties filed objections. Defendants filed timely, specific objections on July 28, 2021. [R. 94.] Mr. Butler also filed timely objections,[1] some of which were specific, some general. [R. 95.] Accordingly, the Court has an obligation to conduct a *de novo* review of the Magistrate Judge's findings. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, all objections will be **OVERRULED**, and Judge Atkins' Recommendation will be **ADOPTED**.

I

Judge Atkins' Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins' discussion of the record in this Order. Mikle Anthony Butler is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. On March 19, 2019, Butler handed prison staff a note indicating suicidal ideations. Prison staff placed Butler in a recreation area holding cell for observation. Some time thereafter, two prison officers, Trett and Sizemore, came to the recreation cell to retrieve Butler. While the three men were walking back from the recreation cell, an incident occurred that left the three men on the floor of the prison hall; both officers landed on top of Butler. The officers quickly secured Butler's body as he remained on the floor. A number of video tapes in the area captured the incident as it unfolded.

---

[1] This Court will grant Plaintiff's Motion for an Extension of Time [R. 92] in light of his difficulties accessing the prison library, which hindered his ability to file objections.

An hour or so later, Butler was able to meet with the Chief Psychologist at USP-McCreary Defendant-Dr. Parsons-Gould. Dr. Gould assessed Butler and found that he: (1) showed no signs of anxiety, depression, mania, or psychosis; (2) did not seem to have suicide ideations at the time of assessment; (3) had no history of suicide ideations; and (4) noted that Butler's previously-documented suicidal statements were likely attempts to control or manipulate his confinement in prison.

Proceeding without a lawyer, Butler filed a civil rights complaint with this Court. [R. 1.] Butler sued Officer Trett, Officer Sizemore, Dr. Parsons-Gould, and USP McCreary Warden Kizziah.[2] [*Id.*] Butler claims that Officers Trett and Sizemore used excessive force, in violation of the Eighth Amendment, when they intentionally forced him to the ground. [*Id.*] Butler further claims that the incident caused serious injury to his person, including: two "busted knees," damage to the corner of his big toe, a bruised and injured left shoulder blade, as well as back and neck pain. [*Id.* at 3–4.] Additionally, Butler alleges that Dr. Parsons-Gould was deliberately indifferent when she failed to immediately put him on suicide watch after handing a note to jail staff that expressed his suicidal ideations. [*Id.* at 5.]

The parties filed cross-motions for summary judgment and Butler filed a motion for injunctive relief. [R.'s 62, 71, 76.] Judge Atkins considered the parties' motions and filed the present Recommended Disposition. [R. 88.]

## A

Citing Supreme Court and Sixth Circuit caselaw, Judge Atkins first determined that a genuine material fact existed for Butler's excessive force claim, thus precluding summary judgment in favor of the Defendants. [*Id.*] Judge Atkins found a genuine material fact based on

---

[2] This Court properly dismissed all claims against Defendant-Warden Kizziah on June 4, 2020. [R. 36.]

the inconclusive nature of the video recordings that captured the incident as it occurred. [*Id.*] Specifically, Judge Atkins found that Defendants were unable to prove as a matter of law that the Officers' "soft-hands" technique, combined with Butler's resistance, caused the fall to occur at no fault of the Officers. [*Id.*] Similarly, Judge Atkins found that the inconclusive nature of the video precluded summary judgment in favor of Butler. [*Id.*] Viewing the facts in a light most favorable to Butler, Judge Atkins also determined that Officers Trett and Sizemore do not enjoy qualified immunity under these circumstances.

Next, using the test for deliberate indifference as outlined in *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004), Judge Atkins determined that Butler's Eighth Amendment Claim against Defendant-Dr. Parsons-Gould was insufficient as a matter of law and should be dismissed. [*Id.*] Judge Atkins found that Butler did not meet the objective prong of the deliberate indifference test, citing the lack of medical proof that Butler had a sufficiently serious condition that warranted him being on suicide watch. [*Id.*] Further, the Report states that Butler did not meet the subjective prong because he failed to provide evidence that Dr. Parsons-Gould drew any inference from the facts that there was a "strong likelihood" of his suicide and disregarded that risk. [*Id.*] Based on the absence of any deliberate indifference on her part, Judge Atkins found that qualified immunity was proper for Dr. Parsons-Gould. [*Id.*]

Lastly, Butler sought to have the Court either: (1) forward a letter to "the Office of Inspector General and to the U.S. Department of Justice internal affairs division"; or, alternatively, (2) grant him injunctive relief in the form of release from prison. [R. 62.] Judge Atkins notes the harassment that Butler describes, but ultimately recommends the denial of Butler's Motion because Butler failed to provide any legal or factual basis for his request. [R. 88.]

II

A

Defendants filed objections to the Magistrate Judge's Recommendation. [R. 94.] Predictably, these objections extend only to the portion of the Recommendation denying their motion for summary judgment in part. [*Id.*] Because these objections are sufficiently specific, the Court reviews the Magistrate Judge's Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(c).

1

At the onset, Defendants object to Judge Atkins' Recommendation to deny Defendants' summary judgment motion on Plaintiff's Eighth Amendment claims against Trett and Sizemore. [R. 94.] Citing video and other evidence, Defendants maintain that summary judgment is proper in favor of Trett and Sizemore. [*Id.*] Specifically, Defendants point to their expert's testimony that the officers were maintaining a proper "soft-hands" technique and that Butler was "clearly" pulling away from the officers, warranting the incident that occurred. [*Id.*] Defendants assert that the three men "fell uncontrollably to the ground" and that the video evidence combined with the expert's testimony is conclusive on the issue. [*Id.*] The Court has had the opportunity to review the evidence, however, and agrees with the conclusions of Judge Atkins. [*See* R. 88 at 9.] The three clips depicting the incident in question fail to conclusively show either that the Defendants used excessive force in pushing Mr. Butler to the ground or that Mr. Butler pulled away from the Defendants, leading to the three men incidentally falling to the floor. [R. 71, Atts. F & G.] Accordingly, as Judge Atkins makes clear, a genuine dispute as to which party initiated the incident remains, and said dispute is certainly material. [R. 88 at 1–11.] *See* Fed. R. Civ. P. 56(a). To that end, Judge Atkins properly notes that if Butler's version of the events is correct—

if the officers did, in fact, slam him to the ground while he was compliantly walking—then the officers' use of force would be considered grossly disproportionate and unnecessary under the circumstances, and an Eighth Amendment violation. *Rhodes v. Chapman*, 452 U.S. 337, 345 (2012).

On other side of the coin, the Court will likewise deny Butler's objection to the Recommended Disposition, in which he asserts that the video evidence conclusively shows the officers' bad faith application of force. [R. 95.] As discussed above, the video evidence is inconclusive as to which party initiated the incident. Consequently, if the Defendants were properly using a "soft-hands" technique and simply made a good-faith, split-second decision to control the situation,[3] then the force used would not be an Eighth Amendment violation. *See Hudson v. McMillan*, 503 U.S. 1, 8 (1992). Because the video evidence is inconclusive, however, a genuine issue of material fact persists that will properly be decided by a jury. *See Wasek v. Arrow Energy Servs.*, 682 F.3d 463, 467 (6th Cir. 2012). Accordingly, in the light most favorable to Butler, Officers Trett and Sizemore do not enjoy qualified immunity because any reasonable officer would understand that intentionally pushing down a handcuffed and complaint prisoner is an unreasonable use of force. *See Cordell v. McKinney*, 759 F.3d 573 (6th Cir. 2014); *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012).

Defendants also take issue with Judge Atkins' excessive force analysis as it applies to the subjective component. [R. 88 at 7.] Judge Atkins properly cites the law in this context:

> Generally, if the force applied is grossly disproportionate to the offense committed by the prisoner, a plaintiff states a cause of action for use of excessive force. *Rhodes v. Chapman*, 452 U.S. 337, 345 (2012). That use of force rises to the level of an Eighth Amendment violation only if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). When determining if the use of force was wanton and unnecessary, *courts may consider the extent of injury suffered by an inmate*, along with other factors including "the

---

[3] Or otherwise simply fell to the ground as a result of the soft-hands touch and Butler's resistance.

6

> need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). "Officers are often forced to make split second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force necessary in a particular situation,' the reasonableness of an officer's use of force 'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Laury v. Rodriguez*, 659 F. App'x 837, 843 (6th Cir. 2016) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

[*Id.* at 7–8] (emphasis added).  Defendants argue that Judge Atkins' subjective inquiry does not give Butler's alleged lack of injuries proper weight.  [R. 94 at 6.]  As the Defendants admit and as the caselaw reveals, however, "the absence of serious injury is … relevant to the Eighth Amendment inquiry, *but does not end it*." *Hudson*, 503 U.S. at 7 (emphasis added).  Judge Atkins gave the other factors great weight in making his decision.  [*See* R. 88 at 11.]  In so many words, Judge Atkins found that, in the light most favorable to Butler: (1) the need for the application of force would have been nonexistent; (2) there would have been no reasonably-perceived threats on the part of the officers; and (3) the "efforts made to temper the severity of a forceful response" would have been a moot point.  [*Id.*]  This Court agrees.  Accordingly, Judge Atkins properly concluded that, accepting Butler's version of the facts as true, such force would be grossly disproportionate and unnecessary under the circumstances.  [*Id.*]  Even if the serious injury factor was dispositive, however, the Court does is not persuaded that a staff nurse's observation of no "visible injuries" and Butler not immediately verbalizing any injuries forecloses the issue as a matter of law.  [R. 94 at 6.]  Butler claims to have suffered injuries from the event that would not be visible to the naked eye.  [R. 1 at 3–4.]  Further, Butler offers evidence that he sought treatment for his injuries.  [R. 76-1.]  Accordingly, the Court will overrule both parties' objections as they relate to the claims against Officers Trett and Sizemore.

7

**B**

Butler also objects to the dismissal of Warden Kizziah from this action. [R. 95 at 5.] This Court already properly dismissed the claims against the Warden. [R. 36.] As previously noted, Butler speculative allegations against Warden Kizziah constituted unsupported legal conclusions and were not enough to state a claim upon which relief may be granted. [*Id.*] Moreover, the issue of Warden Kizziah's dismissal from this case is a settled matter and was not at issue in Judge Atkins' Recommended Disposition. Accordingly, the Court will deny Butler's improper objection.

**C**

Predictably, Butler also takes issue with Judge Atkins' recommendation that Defendants' summary judgment motion be granted in regards to his Eighth Amendment claims against Dr. Parsons-Gould. After reviewing the record, however, the Court agrees with Judge Atkins that Dr. Parsons-Gould's actions do not rise to the level of deliberate indifference. [R. 88 at 14.] As Judge Atkins notes, Dr. Parsons-Gould's detailed report forms a predicate for rationally concluding that Butler's overall suicide risk was low. [*See* R. 71-1.] Consequently, Butler's claim fails the objective component of the deliberate indifference test, as the evidence reveals the prison providing considered and thorough medical treatment to Butler. [*Id.* at 10.] Additionally, Butler has failed to present any evidence that he was provided no treatment or only cursory treatment by the prison. *Rhinehart v. Scott*, 894 F.3d 721, 737 (6th Cir. 2018). Butler's deliberate indifference claim fails the subjective component as well. As Judge Atkins' report reveals, Butler did, in fact, receive medical attention. [R. 88 at 13.] In such cases, "federal courts are generally reluctant to second guess medical judgments." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Alternatively, because Parsons-Gould did not act with deliberate indifference to Butler's medical needs, she is entitled to qualified immunity. *Reilly*, 680 F.3d at 623. Accordingly, the Court will deny Butler's objections to Judge Atkins' recommendation as it pertains to Dr. Parsons-Gould.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins' thorough analysis of this matter. Accordingly, it is hereby **ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins' Report and Recommendation [**R. 88**] is **ADOPTED** in its entirety as and for the Opinion of the Court;

2. Defendants' Objections to Magistrate Judge Atkins' Report and Recommendation [**R. 94**] are **OVERRULED**;

3. Mr. Butler's Motion for an Extension of Time to File Specific Objections [**R. 92**] is **GRANTED**;

4. Mr. Butler's Objections to Magistrate Judge Atkins' Report and Recommendation [**R. 95**] are **OVERRULED**;

5. Defendants' Motion for Summary Judgment [**R. 71**] is **DENIED IN PART** as to Butler's Eighth Amendment clams against Defendants Trett and Sizemore and **GRANTED IN PART** as to Butler's Eighth Amendment claims against Defendant Parsons-Gould;

6. Plaintiff's Motion for Summary Judgment [**R. 76**] is **DENIED**; and

7. Plaintiff's motion for an Injunction [**R. 62**] is **DENIED**.

9

This the 1st day of September, 2021.

                                                              Gregory F. Van Tatenhove
                                                              United States District Judge